

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GEORGIA LYNN DUREE-BARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | **3-08CV1216-M** |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), who files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.     Home Depot U.S.A., Inc. is a defendant in a civil action pending in the County Court at Law No. 2 of Dallas County, Texas, entitled *Georgia Lynn Duree-Barr vs. Home Depot U.S.A., Inc.*; Cause No. CC-08-04646-B (hereinafter referred to as the "State Court Action"). True and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibits "A" and "B," as required by *28 U.S.C. § 1446(a).*

2.     The State Court Action was filed on May 21, 2008. Home Depot was served with process on June 19, 2008 and filed its Original Answer on July 1, 2008.

3.     In her Original Petition, the Plaintiff did not specify the total amount of damages she is seeking in the lawsuit. However, in the Petition, the Plaintiff does contend that, as a result of the alleged incident in her Petition, she was diagnosed with: (1) costochondritis of the upper rib cage; (2) a fractured right wrist; (3) injuries to her thighs, knees and shins; and (4) medial meniscus tear of

---

her left knee.  The Plaintiff additionally alleges that she underwent surgery on her left knee as a result of the incident.  In addition to the injuries listed above, the Plaintiff has also pled for damages for past and future medical expenses, lost wages, pain and suffering and mental anguish, and physical impairment.  Based upon the nature and extent of the injuries claimed, the alleged knee surgery, and the other damages claimed by the Plaintiff, both in the past and future, it is likely that Plaintiff's damages are likely in excess of $75,000.00.  This Notice of Removal, therefore, is timely filed within thirty (30) days of service of process of Plaintiff's lawsuit upon Home Depot.  *See 28 U.S.C. § 1446(b).*

4.  Plaintiff Georgia Lynn Duree-Barr is a citizen of the State of Texas.

5.  Home Depot is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Consequently, Home Depot is a citizen of the States of Delaware and Georgia, and the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Home Depot are now and were at the time this action commenced, diverse in citizenship from each other.

6.  The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs.  Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to *28 U.S.C. § 1332*, as it is a civil action wholly between citizens of different states, and, the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

7.  Under *28 U.S.C. § 1446(a)*, venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

8.  Pursuant to *28 U.S.C. § 1446(d)*, Home Depot will promptly give written notice of

the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the County Court Clerk of Dallas County, Texas, where the action was previously pending.

9. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *Georgia Lynn Duree-Barr vs. Home Depot U.S.A., Inc.*; Cause No. CC-08-04646-B, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

By: _____
Arthur K. Smith
Attorney-in-Charge
Texas State Bar No. 18534100

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

On the _16th_ day of July, 2008, a true and correct copy of the above and foregoing pleading was served upon counsel for the Plaintiff via Certified Mail, Return Receipt Requested in accordance with Rule 5 of the Federal Rules of Civil Procedure.

Arthur K. Smith

158908.360\Federal.Notice of Removal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GEORGIA LYNN DUREE-BARR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

### INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

**EXHIBIT A**   Index of Documents Filed with Notice of Removal

**EXHIBIT B**   State Court Documents

| TAB NO. | STATE COURT DOCUMENT | DATE FILED |
|---|---|---|
| 1 | Court's Docket Sheet | N/A |
| 2 | Plaintiff's Original Petition | 05/21/08 |
| 3 | Return of Citation for Defendant Home Depot U.S.A., Inc. | 06/26/08 |
| 4 | Defendant Home Depot U.S.A., Inc.'s Original Answer and Special Exceptions to Plaintiff's Original Petition | 07/02/08 |

158908.360\Fed-Not-Removal Index

---

# EXHIBIT A
## INDEX OF STATE COURT DOCUMENTS FILED WITH NOTICE OF REMOVAL



**JUDGE'S DOCKET,**

| Action: | | Filing: | No. |
|---|---|---|---|

| PARTIES | ATTORNEYS |
|---|---|

**JURY FEE PAID**

445 Walnut St., Ste 113
Richardson, TX 75081
214-546-9322 - 214 231-2824-fax

**CC – 08 – 04646 – B**
Filed: 05/21/2008

| DAMAGES (NON COLLISION) | County Court at Law No. 2 |
|---|---|

GEORGIA LYNN DUREE – BARRvs. HOME DEPOT USA, INC.

| Plaintiff | Lead Attorney |
|---|---|
| DUREE – BARR, GEOR | CREEVY, NGOC – ANH |
| | 24001152 |

| Defendant | Lead Attorney |
|---|---|
| HOME DEPOT USA, | |

1807080402L434

| | SETTINGS | |
|---|---|---|
| | SEP 2 6 2008 | VLTR |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



CAUSE NO. *CC-08-01646-B*

| | | |
|---|---|---|
| **GEORGIA LYNN DUREE-BARR** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **AT LAW NO.** _____ |
| | § | |
| **HOME DEPOT USA, INC.** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION with REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES **GEORGIA LYNN DUREE-BARR ("PLAINTIFF")**, complaining of **HOME DEPOT USA, INC. ( "DEFENDANT")** and for cause of action would respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff alleges that the discovery is intended to be conducted under discovery control plan "Level 2" pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.     Plaintiff is a resident of Dallas County, Texas.  The last three numbers of Plaintiff's social security number are: 674.

3.     Defendant Home Depot USA, Inc. is a Delaware corporation authorized to do business in the state of Texas and in Dallas County and may be served with service of process by and through its registered agent, Corporation Service Company d/b/a CSC-

Lawyers Inco at the registered address located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

### III.
### JURISDICTION AND VENUE

4.      This Court has jurisdiction because the damages set forth below are within the jurisdictional limits of the Court.  This Court has venue over this matter because Defendant is a resident of Dallas County, Texas and the cause of action arose in Dallas County, Texas.

### IV.
### CAUSE OF ACTION: NEGLIGENCE

5.      On or about May 22, 2006, Plaintiff was shopping at the Home Depot located at 3855 S. Carrier Parkway, Grand Prairie, Texas 75052.  Plaintiff was shopping for a hanging basket directly in front of the Home Depot store in some aisle way located in front of the Home Depot store. The aisles had shelving approximately 6 foot high containing flowers, planters, and hanging baskets. Plaintiff had reached for a hanging basket and began to turn around. Defendant failed to clear a flatbed cart in its aisle causing Plaintiff to trip over the flatbed cart and fall violently. Plaintiff fell directly onto the asphalt floor hitting her shins on the edge of the cart as well as striking her knees on the cart. Plaintiff's chest and chin then hit the floor. Plaintiff sustained a strained right wrist, contusions and strain to her chest, thighs, knees, and shins. Plaintiff sought medical treatment as a result of her injuries. Plaintiff was diagnosed with 1) costochondritis of the upper rib cage; 2) contusions and strain to her thighs, knees, and shins; 3) right wrist pisiform fracture; and 4) medial meniscus tear of the left knee. Plaintiff also required left knee arthroscopy surgery as a result of the incident.

6.    The fall in question was a direct and proximate result of the negligence of Defendant, as more particularly set forth below. Plaintiff was an invitee. Defendant was a possessor of the premises. A condition on the premises posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the danger. Defendant breached its duty of ordinary care by both 1) failing to adequately warn Plaintiff of the condition and 2) failing to make the condition reasonably safe. In this instance, Defendant owed a duty of ordinary care to Plaintiff. Defendant breached its duty of ordinary care to Plaintiff. Defendant has the duty of ordinary care to keep the premises in reasonably safe condition. Defendant owned the duty to inspect the premises to discover any premises defects or other dangerous conditions that a reasonably careful inspection would reveal. Defendant owed Plaintiff the duty to warn or make the condition safe. Defendant's lack of care proximately caused Plaintiff's injuries.

7.    Defendant failed to use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, was a proximate cause of the occurrence and damages in question:

   a.  Failed to clear its aisles;

   b.  Failed to provide any written notice or markings of flatbeds in its aisles; and/or

   c.  Failed to provide any audible sounds of flatbeds in its aisles.

## V.
## DAMAGES

8.    Plaintiff incorporates the above and forgoing paragraphs 5 -7, as if they were copied verbatim herein and set forth at length. As a result of Defendant's negligence, Plaintiff was physically injured. Plaintiff sought medical treatment as a result of the incident.

Plaintiff now seeks to recover her past and future medical expenses, past and future lost wages and expenses, past and future pain and suffering, and mental anguish, and past and future physical impairments.

## VI.
## JURY DEMAND

Plaintiffs request that a jury decided the factual issues of this case.

## VII.
## REQUEST FOR DISCLOSURE TO PLAINTIFF

Under Texas Rules of Procedure 194, Plaintiff requests that Defendant disclose within 50 days of service of this request, the information or material described in Rule 194.2 (a) to (i).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be duly cited to appear and answer herein; that upon final trial of this cause, Plaintiff recover from Defendant:

1. judgment against Defendant for damages as set forth above;

2. interest on such judgment at the legal rate from the date of judgment;

3. pre-judgment interest as allowed by law;

4. costs of court; and

5. such other and further relief, either equitable or legal, to which Plaintiff may be entitled.

Respectfully Submitted,

**N. THERESA BUI CREEVY, P.C.**

N. Theresa Bui Creevy
State Bar No. 24001152
445 Walnut Street, Suite 113
Richardson, TX 75081
Telephone No:        (214) 546-9322
Facsimile No:        (214) 231-2826

**ATTORNEY FOR PLAINTIFF**



Form No. 412 - CITATION

**THE STATE OF TEXAS**

CAUSE NO. CC-08-04646-B

COUNTY COURT OF DALLAS COUNTY COURT AT LAW NO. 2
Dallas County, Texas

**TO:**

HOME DEPOT USA, INC.
SERVE THROUGH CORPORATION SERVICE COMPANY REG AGENT
D/B/A CSC-LAWYERS
701 BRAZOS ST STE 1050
AUSTIN TX 78701

You have been sued. You may employ an attorney. If you or your attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas, at the Court House of said County 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**PLAINTIFF**
GEORGIA LYNN DUREE-BARR

VS.

**DEFENDANT**
HOME DEPOT USA, INC.
filed in said Court on the 21st day of May, 2008, a copy of which accompanies this citation.

WITNESS: JOHN WARREN, Clerk of the County Courts of Dallas County, Texas.
GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 21ST day of May, 2008 A.D.

JOHN WARREN, Clerk, County Court, Dallas County Court at Law No. 2, Dallas County, Texas.

By _____
ANDRANNETTE IVY                Deputy

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

08 JUN 26 PM 3:38

---

RECEIVED & ATTY OF
CITATION

08 CC-08-04646-B 2:17

IN THIS COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

GEORGIA LYNN DUREE-BARR
Plaintiff

VS.

HOME DEPOT USA, INC.
Defendant

ISSUED THIS
21ST day of May, 2008

John F. Warren, County Clerk
BY: ANDRANNETTE IVY, Deputy

Attorney for Plaintiff
NGOC-ANH T BUI CREEVY
445 WALNUT STREET
SUITE 113
RICHARDSON TX 75081
214-575-9191

HOME DEPOT USA, INC.
SERVE THROUGH CORPORATION
SERVICE COMPANY REG AGENT
D/B/A CSC-LAWYERS
701 BRAZOS ST STE 1050
AUSTIN TX 78701

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

104



**LUKE MERCER**
CONSTABLE
PRECINCT 1

# County of TRAVIS
## STATE OF TEXAS

1811 SPRINGDALE ROAD
SUITE 120
AUSTIN, TEXAS 78721
PHONE 929-9273
FAX 929-0981

DATE: 6-19-08

Reference Cause # CC-08-04646B

☐ Was served on _____6-19_____ 20_08_ at _9:00_ (am) pm

Place of Service:
☐ Secretary of State
☐ Commissioner of Insurance
☐ Highway Commission
☐ Attorney General
☐ Texas Employment Commission
☐ Farmers Ins. Group
☐ State Farm Insurance
☐ Prentice Hall  ☐ U.S. Corp
☐ other _Corporate Servo_

Person accepting Service: _Chris Hongh_

Service of:   ☑ Citation      ☐ TRO
☐ Writ        ☐ Summons
☐ Other_____

# of documents ____1____

☐ Was not served for the following reason(s) _____
_____

☐ OTHER _____

_Luke W. Mercer_
LUKE W. MERCER
Travis County Constable, Pct. 1

By Officer _____
Unit _104_



CAUSE NO. CC-08-04646-B

| | | |
|---|---|---|
| GEORGIA LYNN DUREE-BARR, | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL
## ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Home Depot U.S.A., Inc. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered cause, and for its Original Answer and Special Exceptions to Plaintiff's Original Petition would respectfully show unto the Court as follows:

## SPECIAL EXCEPTIONS

### I.

Defendant specially excepts to Plaintiff's Original Petition (the "Petition") in its entirety on the grounds that it fails to specify the maximum damages sought; and pursuant to Tex. R. Civ. P. 47, requests that Plaintiff be required to specify the maximum amount of damages sought in this proceeding. Of which special exception, Defendant prays judgment of the Court.

### II.

Defendant specially excepts to paragraph 5 of the Petition wherein Plaintiff seeks recovery for unspecified past and future lost earnings and medical expenses and pursuant to Tex. R. Civ. P. 56, requests that Plaintiff be required to itemize all special damages for which she seeks recovery. Of which special exception, Defendant prays judgment of the Court.

### III.

Defendant further specially excepts to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for "such other and further relief, either equitable or legal, to which Plaintiff may be entitled." Defendant is entitled to know the specific types of relief for which Plaintiff seeks recovery; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to replead to specifically identify each type of damages for which she seeks recovery. Of which special exception, Defendant prays judgment of the Court.

### ORIGINAL ANSWER

### IV.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove her allegations by a preponderance of the evidence.

### V.

Defendant affirmatively alleges that Plaintiff's own negligence was the sole proximate cause, or alternatively, a proximate cause of the incident made the basis of this suit and Plaintiffs' damages, if any.

### VI.

In the alternative, Defendant further pleads that the incident in question was proximately caused by one or more third parties over whom this Defendant had no control or right of control.

### VII.

Pursuant to the Texas Government Code § 52.046 (Vernons 1998), Defendants request that a court reporter attend all sessions of the Court in conjunction with this civil action.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by

this action and that Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

By: _____
Arthur K. Smith
State Bar No.  18534100

507 Prestige Circle
Allen, Texas 75002
Telephone:  (469) 519-2500
Facsimile:  (469) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ 1st _____ day of July, 2008, a copy of the foregoing pleading was forwarded via facsimile and/or via First Class United States mail to Plaintiff's counsel.

_____
Arthur K. Smith

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Georgia Lynn Duree-Barr

**DEFENDANTS**

Home Depot USA, Inc.

**3-08CV1216-M**

**(b)** County of Residence of First Listed Plaintiff   Dallas County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

RECEIVED
JUL 17 2008
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

N. Theresa Bui Creevy, N. Theresa Bui Creevy, P.C., 445 Walnut St., Ste. 113, Richardson, TX 75081 (214) 546-9322

Attorneys (If Known)

Arthur K. Smith, Law Offices of Arthur K. Smith, 5400 Prestige Circle, Allen, TX 75002 (469) 519-2500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

|                                | PTF | DEF |                                                        | PTF | DEF |
|--------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State          | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State       | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                 | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332

Brief description of cause:
premises liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
not specified

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
7/16/08

SIGNATURE OF ATTORNEY OF RECORD
Arthur F. Smith

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

3-08CV1216-M

**United States District Court**
**Northern District of Texas**

ORIGINAL

RECEIVED

JUL 1 7 2008

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the
U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the
   number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | County Court at Law No. 2<br>Dallas County, Texas | CC-08-04646-B |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
   Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate
   their party type. Also, please list the attorney(s) of record for each party named and
   include their bar number, firm name, correct mailing address, and phone number
   (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Georgia Lynn Duree-Barr<br>*Plaintiff* | N. Theresa Bui Creevy<br>N. Theresa Bui Creevy, P.C.<br>445 Walnut Street, Suite 113<br>Richardson, TX 75081<br>Telephone: (214) 546-9322<br>Facsimile: (214) 231-2826 |
   | Home Depot U.S.A, Inc.<br>*Defendant* | Arthur K. Smith<br>State Bar No. 18534100<br>LAW OFFICES OF ARTHUR K. SMITH,<br>a Professional Corporation<br>507 Prestige Circle<br>Allen, TX 75002<br>Telephone: (469) 519-2500<br>Facsimile: (469) 519-2555 |

**Supplemental Civil Cover Sheet**
**Page 2**

3. **Jury Demand:**

   Was a Jury Demand made in State Court?        __X__  Yes _____ No

   If "*Yes*," by which party and on what date?

   __Plaintiff_____          __May 21, 2008_____
   Party                                  Date

4. **Answer:**

   Was an Answer made in State Court?        __X__  Yes _____ No

   If "*Yes*," by which party and on what date?

   _Home Depot U.S.A., Inc.____          _____July 1, 2008_____
   Party                                  Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   **Party**                           **Reason(s) for No Service**

   None.

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   **Party**                           **Reason**

   None.

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

**Supplemental Civil Cover Sheet**
**Page 3**

| **Party** | **Claim(s)** |
| --- | --- |
| Plaintiff | Premises Liability |
| Defendant | Deny All Claims |

1589078.360/ Supplemental Civil Cover Sheet.doc